UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DERRICK MIKE ALLEN,

Plaintiff,

-against-

JOE BIDEN, Former President, *et al.*,

Defendants.
----------------------------------------------------------x

**TRANSFER ORDER**
26-CV-07298 (NRM) (PCG)

NINA R. MORRISON, United States District Judge.

*Pro se* Plaintiff Derrick Mike Allen, currently incarcerated at the Wake County Detention Center in Raleigh, North Carolina, filed this action pursuant to 42 U.S.C. § 1983. For the reasons discussed below, this Court transfers the action to the United States District Court for the Eastern District of North Carolina.[1]

## BACKGROUND

Plaintiff asserts claims against former President Joseph Biden; President Donald J. Trump; Richard Burr, former Senator from North Carolina; Roy Cooper, Senator-elect from North Carolina; Josh Stein, Governor of North Carolina; Major Ransom; and others, including the Sheriff of Wake County, North Carolina, and the Warden of the Wake County Detention Center. Compl. at 1, ECF No. 1.[2] Plaintiff alleges that in February 2025, he was detained by Raleigh police for allegedly failing to appear at a court proceeding and was subsequently incarcerated. *Id.* at 8. Plaintiff

[1] Plaintiff filed a substantially similar action on November 3, 2026. *See Allen v. Biden*, No. 26-CV-7014 (PCG). On November 13, 2026, Judge Cross-Goldenberg transferred that action to the Eastern District of North Carolina. Order (Nov. 13, 2026), ECF No. 5.

[2] All page references use ECF pagination except where noted.

alleges that he has been unjustly incarcerated and received inadequate medical care while incarcerated. *Id.* at 8–9. Plaintiff seeks monetary damages. *Id.* at 9.

## DISCUSSION

Under 28 U.S.C. § 1391, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

If an action is filed in the wrong district court, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see, e.g.*, *Covial v. Francillion*, No. 24-CV-3125 (SJB), 2024 WL 2722142, at *1 (E.D.N.Y. May 28, 2024) (quoting 28 U.S.C. § 1406(a)). Plaintiff alleges that the cause of action arose in the Eastern District of North Carolina. Compl. at 9. Because the non-federal Defendants are located in the Eastern District of North Carolina, and Plaintiff alleges no connection to this District other than his assertions that he is a "native of Brooklyn," the Court finds that transfer to the Eastern District of North Carolina is appropriate. *Id.* at 11; *see* 28 U.S.C. § 113(a).

## CONCLUSION

The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Eastern District of North Carolina. 28 U.S.C. §§ 1391(b); 1406(a). No summons shall issue from this Court. A decision on Plaintiff's request

to proceed *in forma pauperis* and on the Prison Litigation Reform Act authorization form is reserved for the transferee court.

The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay, is waived.

This Order closes this action in this Court.

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff.

SO ORDERED.

NINA R. MORRISON
United States District Judge

Dated: November 18, 2026
Brooklyn, New York